UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

RENDELL ROBINSON,  :  10-CV-3295(ARR)

                Plaintiff,  :  NOT FOR PRINT OR
   :  ELECTRONIC
    -against-   :  PUBLICATION

THE CITY OF NEW YORK; JOHN DOE, Medical Nurse; :   OPINION AND
DR. KRISHNA VALDAMUDI; and DR. SAED HAIDER- :   TRANSFER ORDER
SHAH,

                Defendants.  :

------------------------------------------------------------------ X

ROSS, United States District Judge:

    *Pro se* plaintiff Rendell Robinson, who was then incarcerated at Marcy Correctional Facility, filed the above-captioned civil action on July 12, 2010. By order dated August 23, 2010, the court granted leave to proceed *in forma pauperis,* dismissed the complaint for failure to state a claim, and granted leave to amend the complaint. Plaintiff filed an amended complaint dated October 14, 2010. For the reasons that follow, the claims against the City of New York and the John Doe defendant are dismissed without prejudice, and the action is hereby transferred to the United States District Court for the Northern District of New York.

A. **Background**

    Plaintiff's handwritten amended complaint is difficult to read. As far as the court can discern, plaintiff alleges that he was being transported by the New York City Department of Correction on July 11, 2007, when the van came to an abrupt stop, causing severe injuries to plaintiff. (Amended Complaint at 7.)[1] Plaintiff was returned to Rikers Island and given an ice

---

[1] Because the Amended Complaint does not include page numbers, the court refers to the page numbers assigned by the Electronic Case Filing System.

pack and Motrin by a clinic nurse, defendant John Doe. (Id.) He told the nurse that he had pain in his back, head, left knee and ankle, but was returned to his cell without further examination or treatment. (Id.) The next morning, he was taken to a hospital facility at Rikers Island and treated by Dr. Lieberman, an orthopedic doctor. (Id. at 8.) Dr. Lieberman ordered x-rays and prescribed Naproxin, Ibuprofin, the use of a back brace and walking cane, an extra mattress and extra pillow, and physical therapy sessions two to three times per week. (Id. at 8-9.) Plaintiff was diagnosed with "Chronic lumbar spinal cord pain and muscle spasms with loss of lumbar lordosis and degenerative changes." (Id.) This course of treatment continued until November 2007, when plaintiff was transferred to the custody of the New York State Department of Correctional Services ("DOCS"). (Id. at 10-11.) While in DOCS custody and throughout his transfers through Sing Sing, Five Points, and Clinton Correctional Facilities, plaintiff was prescribed additional medications, continued to use the cane and special mattress, and received physical therapy. (Id. at 11-12.)

On December 24, 2009, plaintiff was transferred to Marcy Correctional Facility. (Id. at 13, 14.) Plaintiff was seen by a nurse at intake, where he explained his medical conditions and course of treatment and asked for a dose of Peroxicam, which he had not been given for two days during his transfer. (Id. at 14.) He was told that only the facility doctors could prescribe medication. (Id. at 15.) Plaintiff requested doctor visits and was seen by defendant Dr. Krishna Valdamudi on December 29, 2009. (Id.) Plaintiff requested Peroxicam and physical therapy treatments. Dr. Valdamudi did not ask plaintiff about his medical condition or past or ongoing treatment and did not prescribe any medication or treatment. (Id. at 16-18.) Thereafter, plaintiff received ibuprofen, Tylenol, and aspirin from "sick call" nurses, but was not prescribed any other medication or treatment until January 26, 2010, when Dr. Valdamudi ordered one week of

Feldene, which plaintiff described as ineffective in easing his pain. (Id. at 19, 31.) Plaintiff was seen several times by Dr. Valdamudi and defendant Dr. Saed Haider-Shah, repeatedly asked for Peroxicam and physical therapy, and was repeatedly denied. (Id. at 19, 21, 24, 28, 33.) He was eventually prescribed several other medications, which plaintiff asserts were ineffective at controlling his pain. (Id. at 28, 39, 40.) He was issued a medical mattress on February 24, 2010. (Id. at 41.) He was prescribed Peroxicam on April 7, 2010, four months after arriving at Marcy Correctional Facility. (Id. at 42.)

During this time, plaintiff was required to attend a program administered by the Presidential Mental Health Unit in order to be eligible for parole. (Id. at 29.) Plaintiff was unable to attend some of the classes or to sit through the sessions as a result of the pain in his back. (Id. at 27, 38.)

The Amended Complaint names the City of New York, the John Doe nurse who initially tended to his injuries at Rikers Island, and the two doctors who treated him at Marcy Correctional Facility. Plaintiff alleges a municipal policy or custom that violated his rights under the Eighth and Fourteenth Amendments, although he does not identify the nature of said policy. (Id. at 50.) He alleges that the John Doe defendant provided inadequate medical care by not conducting a full medical examination shortly after the accident. (Id.) He alleges that the defendant doctors committed "acts or omissions sufficiently harmful to evidence deliberate indifference to his very serious medical needs." (Id. at 34.) Plaintiff requests declaratory relief and damages in the amount of $10 million.

B. **Dismissal of the John Doe Defendant and the City of New York**

Inadequate medical treatment may give rise to a constitutional deprivation under the Eighth or Fourteenth Amendment, where a prisoner alleges "acts or omissions sufficiently

3

harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429

U.S. 97, 106 (1976) (establishing the standard applicable to treatment of convicted prisoners

under the Eighth Amendment). See Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) (applying

the same standard to pretrial detainees under the Fourteenth Amendment). In order to meet this

standard, a plaintiff must show that he was "actually deprived of adequate medical care," and that

"the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263,

279-80 (2d Cir. 2006). A plaintiff seeking to hold prison officials liable for deliberate

indifference must also show that the official "knows that inmates [or detainees] face a substantial

risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

Farmer v. Brennan, 511 U.S. 825, 847 (1994).

In this case, plaintiff alleges that the John Doe nurse initially examined plaintiff on the

day of the accident, gave him Motrin and an ice pack, and sent him back to his cell without

conducting a more thorough examination. However, plaintiff received a full examination the

following morning and was treated for whiplash and back and other pain. Thereafter, and prior

to his transfer to Marcy Correctional Facility, plaintiff received extensive treatment and

accommodations, of which he does not complain. The court previously dismissed plaintiff's

complaint, finding that plaintiff failed to show that his initial medical care was inadequate or

otherwise suggest a claim under the Eighth or Fourteenth Amendment. Although a full

examination was delayed overnight, his allegations still do not suggest that he was "actually

deprived of adequate medical care." Accordingly, plaintiff's claims against the John Doe

medical nurse are dismissed without prejudice.

Plaintiff has not demonstrated a constitutional violation caused by New York City

officials, nor has he identified any municipal policy or custom that caused the deprivation of his

4

constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1995). Accordingly, plaintiff's claims against the City of New York are hereby dismissed.

C. **Venue Transfer**

Title 28 of the United States Code, Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, the allegedly inadequate medical treatment occurred at the Marcy Correctional Facility, where the remaining defendants, doctors Valdamudi and Haider-Shah, were employed. The facility is located in Oneida County, New York. Accordingly, this case is hereby transferred to the United States District Court for the Northern District of New York. See 28 U.S.C. § 112(a) (Oneida County is located within the Northern District of New York); 28 U.S.C. § 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought). This court offers no opinion on the merits of plaintiff's claims. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Summonses shall not issue from this court.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: November 30, 2010
Brooklyn, New York

SERVICE LIST:

    *Pro Se Plaintiff*
    Rendell Robinson
    # 07A6175
    Elmira Correctional Facility
    P.O. Box 500
    Elmira, NY 14902-0500